UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST FUND,
DOUG EDWARDS, *in his capacity as trustee*,
WISCONSIN PIPE TRADES HEALTH FUND
and JOEL ZIELKE, *in his capacity as trustee*,

        Plaintiffs,

  v.

Case No. 22-cv-1111-pp

STONEHAUS MECHANICAL, LLC,

        Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 11)**

On April 26, 2024, the plaintiffs filed a motion seeking default judgment against the defendant. Dkt. No. 11. The plaintiffs filed four affidavits in support of the motion and a proposed order, but did not file a memorandum of law in support of the motion (or a certification that they would not be filing a memorandum), as required by Civil Local Rule 7(a)(1), (2) (E.D. Wis.). Because they have provided evidentiary support for their damages request, the court will grant the pending motion. In the future, the court expects compliance with the local rules.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the

1

court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed a motion for entry of default on October 27, 2022. Dkt. No. 5. They explained that they had served the summons and complaint on the defendant on October 5, 2022, dkt. no. 6 at ¶2, and provided proof of service, dkt. no. 4. The notarized affidavit of service reflects that process server Joe Glisch served the defendant's registered agent, Cassandra Lee Fleury, at 3073 South Chase Avenue in Milwaukee on October 5, 2022. Id. The Wisconsin Department of Financial Institutions lists Cassandra Lee Fleury as the registered agent with an office at that address. See https://wdfi.org/apps/corpSearch/Details.aspx?entityID=S110733&hash=1129760776&searchFunctionID=6a90a938-cceb-4e78-b757-f289ab54a0c1&type=Simple&q=stonehaus+mechanical+LLC. The website also indicates under "status," however, that the business was administratively dissolved on September 13, 2023. Id. The court has no further information regarding the status of the defendant's activities and assets.

Under Fed. R. Civ. P. 12(a)(1), a defendant must answer or otherwise respond within twenty-one days of service unless it has waived service. In this case, the defendant's deadline for responding was October 27, 2022 (including the federal holiday). The plaintiffs requested the entry of default on the day that the answer was due. More than eighteen months later, the defendant still has not appeared. The Clerk of Court properly entered default on October 28, 2022.

2

## II.     Plaintiff's Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The plaintiffs allege a single claim under the Employee Retirement Income Security Act under 29 U.S.C. §§1132, 1145 for contributions that remain unpaid from January 1, 2020 through the date of filing. Dkt. No. 1 at

3

¶¶14-17. The court has jurisdiction over those claims because they arise under federal law. 28 U.S.C. §1331.

The plaintiffs allege that, as a party to a collective bargaining agreement with the Steamfitters Local Union #601, the defendant had an obligation to make contributions and payments to the plaintiffs' funds by the fifteenth day of the month after the one during which the work was performed. Id. at ¶10. According to the unrefuted allegations in the complaint, the plaintiffs demanded that the defendant perform its statutory and contractual obligations and the defendant has not allowed access to the plaintiffs' auditor to allow the plaintiffs to determine whether the defendant has made the required payments. Id. at ¶12.

The court granted the plaintiffs' motion for injunctive relief on September 13, 2023 and ordered the defendant to submit to an audit by the end of the day on September 29, 2023. Dkt. No. 9. The court further ordered the plaintiffs to file a status report within thirty days of completing the audit. Id. Hearing nothing from the plaintiffs, the court issued a text only order requiring the plaintiffs to file a motion for default judgment or a status report by February 26, 2024. Dkt. No. 10. The plaintiffs filed a motion for default judgment and the affidavits of several auditors for the various funds. Dkt. Nos. 11-16.

A.   Pension Fund

James Peterson, an assigned auditor for plaintiff Building Trades United Pension Trust Fund, completed his audit on May 24, 2023. Dkt. No. 13 at ¶2. He reviewed the audit files for the period between January 1, 2020 and

December 31, 2022. Id. According to Peterson, he discovered unpaid contributions owed the Pension Fund from the audit period in the amount of $79,241.81. Id. at ¶6; Dkt. No. 13-1. Under the Labor Agreement and the Policy Regarding Employer Accounts established by the trustees of the Pension Fund, all interest assessments are calculated at 1.5% of unpaid contributions per month or 18% per annum and liquidated damages assessments are calculated at a maximum rate of 20%. Id. at ¶7. Peterson concluded that the total delinquencies amount to $115,712.41 ($79,241.81 in contributions, $21,542.99 in interest and $14,927.61 in liquidated damages). Id. at ¶8.

The Fund Administrator for the Pension Fund, Stephanie Brewster, filed an affidavit averring that after the audit was conducted, the defendant had provided the Pension Fund with remittance reports for January through April 2023 showing an additional $17,537.76 owed in contributions. Dkt. No. 15 at ¶4. Brewster averred that an additional $983.70 in interest and $1,496.60 in liquidated damages are owed for that period. Id. At the same time, the defendant has paid $72,547.38 toward the audit period of January 1, 2020 through December 31, 2022. After deducting the amounts paid, Brewster avers that the defendant still owes a total of $63,183.09 to the Pension Fund ($24,232.19 in contributions, $22,526.69 in interest, and $16,424.21 in liquidated damages). Id. at ¶5.

  B. Health Fund

A second auditor, Randy Rosenmerkel, completed his audit on October 11, 2022 on behalf of plaintiff Wisconsin Pipe Trades Health Fund. Dkt. No. 14

at ¶2. He reviewed the period from January 1, 2022 through September 30, 2022. Based on his review of the defendant's records, Rosenmerkel discovered that the defendant had failed to make $50,862.72 in contributions to the Health Fund. Id. at ¶6. With interest assessments calculated at 1.5% of unpaid contributions per month—or 18% per annum—and liquidated damages assessments calculated at a maximum of 20%, Rosenmerkel calculated the total delinquencies at $67,247.02 ($50,862.72 in contributions, $8,445.82 in interest, and $7,938.48 in liquidated damages). Id. at ¶8.

Cindy Balistriere, an Administrative Specialist working for the third-party administrator of the Health Fund, reviewed the remittance reports for the months after the audit period (October 2022 through April 2023) and concluded that the defendant owed an additional $34,276.96 in contributions, $8,445.82 in interest and $6,855.39 in liquidated damages. Dkt. No. 16 at ¶4. The defendant since has paid $57,993.34 to the Health Fund. Id. at ¶5. At the time the default judgment motion was filed, Balistriere calculated that the defendant owed $27,146.34 in contributions, $11318.17 in interest and $14,793.87 in liquidated damages for a total of $53,258.38. Dkt. No. 16 at ¶5.

C. Plaintiffs' Proposed Order

The plaintiffs filed a proposed order seeking a default judgment in favor of the plaintiffs and against the defendant in the amount of $116,441.47 together with interest at the rate allowed by law. The plaintiffs did not provide an explanation as to how they reached that amount, but the total requested represents the combined amounts owed to the Pension Fund and Health Fund

6

(contributions, interest and liquidated damages) after adjusting for the payments made by the defendant after the audit.

|  | Contributions | Interest | Liquidated Damages | Total |
|---|---|---|---|---|
| Pension Fund | $24,232.19 | $22,526.69 | $16,424.21 | $63,183.09 |
| Health Fund | $27,146.34 | $11,318.17 | $14,793.87 | $53,258.38 |
| Combined Total | $51,378.53 | $33,844.86 | $31,218.08 | $116,441.47 |

The court will grant the plaintiffs' motion for default judgment and direct the amounts be paid to the respective funds.

### III. Conclusion

The court **GRANTS** the plaintiffs' motion for default judgment against the defendant in the amount of $116,441.47, with post-judgment interest at the rate required by 28 U.S.C. §1961. This award reflects a total of $63,183.09 owed to the Building Trades United Pension Trust Fund and $53,258.38 owed to the Wisconsin Pipe Trades Health Fund. The clerk will enter judgment accordingly.

The court **ORDERS** that this case is **TERMINATED**.

Dated in Milwaukee, Wisconsin this 18th day of April, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**